1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    FIVE STAR PROPERTY                      No.  1:22-cv-00224-DAD-BAK (SKO)
      MANAGEMENT,
12
                    Plaintiff,
13
                                              ORDER *SUA SPONTE* REMANDING CASE
          v.                                  TO THE KERN COUNTY SUPERIOR
14                                            COURT AND DENYING DEFENDANT'S
      VICTOR VALLE SALAZAR,                   MOTION TO PROCEED *IN FORMA*
15                                            *PAUPERIS* AS MOOT
                    Defendant.
16                                            (Doc. Nos. 1, 3)

17

18

19        This is an unlawful detainer action brought under California state law by plaintiff Five

20   Star Property Management against defendant Victor Valle Salazar.  On February 23, 2022,

21   defendant removed this case to this federal court from the Kern County Superior Court.  (Doc.

22   No. 1.)  According to defendant, removal is proper because Kern County is located within this

23   judicial district and  "the Superior Court for the County of Kern did not sustain [defendant's]

24   Answer," which the defendant asserts to be "a pleading depend on the determination of

25   Defendant's rights and Plaintiff's duties under federal law."  (*Id.* at 2.)  Defendant filed a motion

26   to proceed *in forma pauperis* on the same date, February 23, 2022.  (Doc. No. 3.)

27        A district court has "a duty to establish subject matter jurisdiction over the removed action

28   *sua sponte*, whether the parties raised the issue or not."  *United Investors Life Ins. Co. v. Waddell*

                                             1

1   *& Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004).  The removal statute, 28 U.S.C. § 1441, is

2   strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*,

3   599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582

4   F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of

5   the federal courts, and the burden of establishing the contrary rests upon the party asserting

6   jurisdiction.  *Geographic Expeditions*, 599 F.3d at 1106–07; *Hunter v. Philip Morris USA*, 582

7   F.3d 1039, 1042 (9th Cir. 2009).  In addition, "the existence of federal jurisdiction depends solely

8   on the plaintiff's claims for relief and not on anticipated defenses to those claims."  *ARCO Envtl.*

9   *Remediation, LLC v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1113 (9th Cir. 2000).

10   "The strong presumption against removal jurisdiction" means that "the court resolves all

11   ambiguity in favor of remand to state court."  *Hunter*, 582 F.3d at 1042; *Gaus v. Miles, Inc.*, 980

12   F.2d 564, 566 (9th Cir. 1992).  That is, federal jurisdiction over a removed case "must be rejected

13   if there is any doubt as to the right of removal in the first instance."  *Geographic Expeditions*, 599

14   F.3d at 1107; *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.2d at 566.  "If

15   at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the

16   case shall be remanded."  28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th

17   Cir. 2001).  Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary."  *Bruns v.*

18   *NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*,

19   375 F.3d 831, 838 (9th Cir. 2004).  Where it appears, as it does here, that the district court lacks

20   subject matter jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C.

21   § 1447(c).

22         "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded

23   complaint rule,' which provides that federal jurisdiction exists only when a federal question is

24   presented on the face of the plaintiff's properly pleaded complaint."  *California v. United States*,

25   215 F.3d 1005, 1014 (9th Cir. 2000); *see also Dynegy*, 375 F.3d at 838; *Duncan*, 76 F.3d at 1485.

26   Under the well-pleaded complaint rule, courts look to what "necessarily appears in the plaintiff's

27   statement of his own claim in the bill or declaration, unaided by anything in anticipation of

28   avoidance of defenses which it is thought the defendant may interpose."  *California*, 215 F.3d at

2

1014.  Accordingly, "a case may not be removed on the basis of a federal defense . . . even if the

defense is anticipated in the plaintiff's complaint and both parties concede that the federal defense

is the only question truly at issue."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987);

*Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002); *see also Vaden v.*

*Discover Bank*, 556 U.S. 49, 70 (2009) ("It does not suffice to show that a federal question lurks

somewhere inside the parties' controversy, or that a defense or counterclaim would arise under

federal law.").

Here, defendant has not shown that removal of this action to this federal court is

appropriate.  Plaintiff's complaint is a straight-forward unlawful detainer action that is based

entirely on state law.  (*See* Doc. No. 1 at 7–13.)  As stated above, defendant relies solely on a

contemplated defense that allegedly rests on unidentified federal law in an attempt to establish

federal jurisdiction.  (*Id.* at 2.)  Even assuming defendant can assert such a defense, he cannot use

that anticipated defense as the basis for removal because the defensive invocation of federal law

cannot form the basis of this court's jurisdiction.  *See Vaden*, 556 U.S. at 70; *Caterpillar*, 482

U.S. at 392; *Wayne*, 294 F.3d at 1183; *California*, 215 F.3d at 1014.

Because there is no federal question appearing in plaintiff's complaint, defendant has

failed to properly invoke this court's jurisdiction.  Remand to the Kern County Superior Court is

therefore appropriate and mandatory.  28 U.S.C. § 1447(c); *Geographic Expeditions*, 599 F.3d at

1107; *Bruns*, 122 F.3d at 1257.

Accordingly,

1.      This action is remanded forthwith to the Kern County Superior Court, pursuant to

28 U.S.C. § 1447(c), for lack of subject matter jurisdiction;

2.      Defendant's motion to proceed *in forma pauperis* (Doc. No. 3) is denied as moot

in light of this order; and

3.      The Clerk of the Court is respectfully directed to close this action.

IT IS SO ORDERED.

Dated:   **February 23, 2022**

UNITED STATES DISTRICT JUDGE

3